IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERMA FAYE BISHOP                                                                                    PLAINTIFF

vs.                                          Civil No. 4:06-CV-04079

MICHAEL J. ASTRUE[1]                                                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Erma Bishop ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed her applications for DIB and SSI on February 3, 2004. (Tr. 44-46, 181-183). In these applications, Plaintiff alleges she is disabled due to her high blood pressure,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

diabetes, anemia, liver problems, dizziness, fatigue, and chest pain. (Tr. 78, 82). Plaintiff also claims she is disabled due to the following physical problems: severe esophageal varices, GERD, Hepatitis C, gastroentestinal bleeding, vomiting blood, abnormal loss of weight, abnormal liver results, pulmonary granulomous disease, thoracic dextroscoliosis, vertebral spondylosis, a large hiatal hernia, degenerative changes in her shoulder, heart palpitations, and a mild distended abdomen. (Tr. 93-94, 103, 113, 135, 160, 173, 175). Plaintiff claims her impairments first began to bother her a few years ago and claims she first became unable to work due to her impairments on August 26, 2003, her onset date. (Tr. 82).

Plaintiff's applications were initially denied on June 1, 2004 and were denied again on reconsideration on September 18, 2004. (Tr. 28-31). Plaintiff requested an administrative hearing which was held on December 13, 2005 in Texarkana, Arkansas. (Tr. 191-202). Plaintiff was present and was represented by non-attorney counsel, Stanley Brummal, at the hearing. *See id.* Only Plaintiff testified at this hearing. *See id.* At the time of the hearing, Plaintiff was fifty-three (53) years old, was classified as a "person closely approaching advanced age," *See* 20 C.F.R. § 404.1563(d), and had only completed the tenth grade. (Tr. 194).

On May 24, 2006, the Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 11-18). The ALJ determined that Plaintiff met the insured status requirements on her alleged onset date and continued to meet them through December 31, 2007. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date or since August 26, 2003. (Tr. 17, Finding 2). The ALJ found Plaintiff had the severe impairments of chronic liver disease and diabetes mellitus. (Tr. 17, Finding 3). The ALJ also found, however, that these impairments do not meet or equal the criteria of any of the impairments listed in Appendix 1,

Subpart P, Regulation No. 4 ("Listings").  *See id.*

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC").  In evaluating Plaintiff's subjective complaints, the ALJ applied the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429.[3]  (Tr. 15-16).  After reviewing these factors, the ALJ determined that Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible in light of her daily activities, the inconsistencies in her allegations, her lack of treatment from 2002 until April 2004, the indication that she was fired for nonmedical reasons in 2003, the reports of her treating and examining practitioners, and her medical history.  (Tr. 17, Finding 4).

The ALJ found, based upon his credibility determination, that Plaintiff retains the RFC to perform medium exertional-level activity or retains the ability to lift and carry up to fifty (50) pounds occasionally or up to twenty-five (25) pounds on a regular basis.  (Tr. 17, Finding 5).  Specifically, the ALJ found the following:

> Based on the record as a whole, the undersigned finds that the claimant retains the residual functional capacity to perform the exertional demands of medium work or work that requires maximum lifting of 50 pounds and frequent lifting of up to 25 pounds (20 C.F.R. §§ 404.1567 and 416.967).  The evidence supports a finding that the claimant is not able to lift and carry more than 50 pounds or more than 25 pounds on a regular basis.  The claimant's capacity for medium work is not diminished by significant non-exertional limitations.

(Tr. 16).

The ALJ then determined whether Plaintiff would be able to perform her Past Relevant Work ("PRW").  (Tr. 16).  Plaintiff testified that her PRW included work as a housekeeper for a motel.

---

[3] While use of the factors set out in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) are the "preferred practice" those set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429 are almost identical, and may be used to evaluate Plaintiff's subjective complaints in lieu of the *Polaski* factors.  *Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

(Tr. 83, 195). The ALJ noted that Plaintiff's PRW was medium exertional-level work and determined that Plaintiff's impairments did not prevent her from performing this PRW. (Tr. 17, Findings 6-7). Based upon these findings, the ALJ determined that Plaintiff was not disabled. (Tr. 17, Finding 8).

On July 19, 2006, Plaintiff requested that the Appeals Council review the ALJ's May 24, 2006 hearing decision. (Tr. 4-7). On August 18, 2006, the Appeals Council declined to review this decision, and the ALJ's disability determination became the final decision in this case. *Id.* Subsequently, Plaintiff filed this action. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 8-9). This case is ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

5

**3. Discussion:**

Plaintiff brings the present appeal claiming (A) the ALJ's disability determination is not supported by substantial evidence in the record, (B) the ALJ improperly disregarded Plaintiff's subjective complaints and the medical evidence showing Plaintiff suffers from significant nonexertional limitations, and (C) the ALJ erred in failing to evaluate Plaintiff's disability as a "whole person and not in the abstract as having several hypothetical and isolated injuries." (Doc. No. 8, Page 1).

In response to Plaintiff's first argument, Defendant claims that the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 9, Pages 3-4). Defendant argues that Plaintiff has not specified which Listing she meets and, in the alternative, does not satisfy the requirements of any of the Listings and does not suffer from any physical impairments that limit her ability to perform her PRW. *See id.* In response to Plaintiff's second argument, Defendant claims that the ALJ properly considered Plaintiff's alleged limitations in determining Plaintiff was not disabled and argues that there is nothing in the record to suggest that Plaintiff has significant nonexertional limitations. *See id.* at 4-7. Contrary to Plaintiff's assertions, Defendant argues that the record does not suggest "any limitations on her ability to walk and walk [sic], squat, stoop, bend or climb." *See id.* In response to Plaintiff's third argument, Defendant claims that the ALJ properly evaluated and considered Plaintiff's impairments in combination in his disability determination. *See id.* at 8. This Court will address each of Plaintiff's arguments in order.

**A. ALJ's Disability Determination**

Plaintiff claims that the ALJ's disability determination is not supported by substantial evidence at Step 3 (Listings) and Step 4 (RFC Determination). (Doc. No. 8, Pages 4-8). First,

Plaintiff claims the ALJ erred in finding she did not meet the requirements of the Listings. Plaintiff, however, did not specify in her appeal brief which specific Listing or Listings she meets. There are fifteen body systems in the Listings that each contain a number of different medical disorders, and Plaintiff has not indicated to this Court which of her body systems meets the requirements of the Listings. Plaintiff has the burden of establishing that she meets the requirements of the Listings. *See Cox*, 160 F.3d at 1206. Since Plaintiff has not indicated to the Court which Listing or Listings she meets, Plaintiff clearly has not met this burden, and this Court finds that Plaintiff has not established that she meets any of the Listings. *See id.*

Second, Plaintiff claims that the ALJ's RFC determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims that the ALJ incorrectly determined she could perform medium exertional-level work. She claims she cannot perform this work because when she lifts heavy objects, "it pulls." (Tr. 201). In response to Plaintiff's claim, Defendant argues that Plaintiff did not specify in her appeal brief or in her testimony what part of her body "pulls" when she lifts. (Doc. No. 9, Page 4). Defendant also argues that the record does not support Plaintiff's claim that her physical impairments limit her ability to perform medium exertional-level work. *Id.*

Based upon the record in this case, this Court finds the ALJ properly determined the Plaintiff's RFC. As an initial matter, the ALJ is required to base his or her RFC determination on at least *some* medical evidence in the record, but the plaintiff still has the burden of proving his or her RFC. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). Thus, if the plaintiff claims that his or her RFC is limited by his or her impairments, the plaintiff must present evidence establishing those claimed impairments. *See id.* If the plaintiff does not provide any evidence establishing his or her claimed impairments, then the ALJ is not required to find that Plaintiff's RFC

7

is limited by those impairments and is permitted to base his or her RFC determination upon the other medical evidence in the record. *See id.* The ALJ's RFC determination must be based upon substantial evidence in the record; and as long as there is substantial evidence in the record to support the ALJ's RFC determination, then that determination should be affirmed. *See id.*

In the present action, the ALJ based his RFC determination on medical records from the following three different sources: (1) Wadley Regional Medical Center, (2) AHEC Family Practice Center, and (3) Christus St. Michael's Family Clinic. (Tr. 92-146, 159-180). As explained below, these medical records provide substantial evidence in support of the ALJ's RFC determination.

### (1) Wadley Regional Medical Center

The medical records from Wadley Regional Medical Center date from April 26, 2004 through November 2, 2005, and they are records from three of Plaintiff's emergency room visits. (Tr. 92-112, 165-180). The first and the third emergency room visits were for a gastrointestinal bleeding. (Tr. 92-112, 165-174). These records indicate that Plaintiff suffers from gastrointestinal bleeding, as well as many other related health problems, primarily as a result of her excessive drinking. (Tr. 94). One of Plaintiff's physicians noted: "The patient [Plaintiff] was counseled intensely regarding her alcohol use and that she must quit drinking. She was informed that there was an increase of variceal rupture, leading to bleeding and death potentially if she continues to drink." *Id.* Plaintiff was admitted to the emergency room at Wadley for a second time on October 29, 2004 in order to evaluate her rapid heart beat. (Tr. 175-180). During this visit, Plaintiff was admitted for a little over two hours, was treated, and, although the medical records are not very clear, appears to have been released from the hospital without any continuing problems. *Id.* During this second emergency room visit, the nurse observed that Plaintiff had been drinking at the time she arrived at the hospital. (Tr. 176). During one of these

emergency room visits, Plaintiff's physician noted that Plaintiff appeared to have "some degenerative changes in the shoulder regions." (Tr. 173). Although this finding supports Plaintiff's claim that she is limited in her ability to lift, this finding, without more, is not sufficient to establish that ALJ's RFC determination is not supported by substantial evidence in the record. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000) (finding that the ALJ's disability determination should not be reversed simply because there is evidence supporting a plaintiff's claimed limitation).

### (2) AHEC Family Practice Center

The medical records from the AHEC Family Practice Center include both a consultative examination dated May 3, 2004 (Tr. 113-119) and treating physician notes dated July 11, 2002, June 18, 2004, September 23, 2004, and January 18, 2005.[4] (Tr. 120-125, 159-164). In this consultative exam, the physician noted that Plaintiff suffers from Hepatitis C, diabetes mellitus (Type II), an alcohol addiction, and occasional gastrointestinal bleeding. (Tr. 119). The physician also noted that Plaintiff is a smoker and had received multiple blood transfusions. *See id.* The physician found that Plaintiff has no muscle weakness and no muscle atrophy and suffers from only a moderate limitation in her ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak, and perform other activities. (Tr. 117). This physician did not place any work restrictions on Plaintiff or state that Plaintiff has any physical impairments that limited her ability to lift or carry 50 pounds occasionally and 25 pounds frequently.

The other medical records from AHEC Family Practice Center are treatment records. (Tr. 120-125). The first record is from July 11, 2002 and does not reference any potential restrictions in

---

[4] Also included in these records are Plaintiff's vital statistics from May 14, 2004 (Tr. 120) and Plaintiff's lab results (Tr. 121). Neither of these records appear to be relevant to the ALJ's RFC determination.

Plaintiff's ability to lift or carry. (Tr. 124-125). The second record from June 18, 2004 also does not reference any potential restrictions in Plaintiff's ability to lift or carry. (Tr. 122-123, 163-164). In this record, the physician states that Plaintiff has applied for disability, suffers from esophageal varices, alcohol liver disease, diabetes mellitus (Type II), and hypertension but that she is "doing well." *Id.* The third record from September 23, 2004 only relates to Plaintiff's high blood sugar and does not relate to any work restrictions. (Tr. 161-162). The fourth record from January 18, 2005 relates to Plaintiff's high blood pressure and high blood sugar and does not reference any work restrictions. (Tr. 159-161).

### (3) Christus St. Michael's Family Clinic

Plaintiff's medical records from Christus St. Michael's Family Clinic range from May 24, 2002 through June 23, 2004. (Tr. 126-146). These medical records are routine treatment records, including lab results, that relate to Plaintiff's ongoing problems, including her Hepatis C; bleeding gums; respiratory, liver, weight, and alcohol problems. *Id.* None of these medical records, however, indicate that Plaintiff is limited in her ability to perform work or limited in her ability to lift and carry. *Id.*

Based upon the foregoing review of Plaintiff's medical records, this Court finds that none of Plaintiff's physicians have placed any work restrictions on Plaintiff. *See Hutton v. Apfel,* 175 F.3d 651, 655 (8th Cir. 1999) (finding that no doctor had placed any work restrictions on the claimant and that this finding supports the ALJ's determination that claimant is not disabled). This Court also notes that Plaintiff's medical records indicate that although she suffers from a variety of health problems, she is not limited in her ability to work. Based upon these determinations, and this review of Plaintiff's medical records, this Court finds that the ALJ's RFC determination–that Plaintiff is able

to perform medium exertional-level work–is supported by substantial evidence and should be affirmed.[5]  *See id.*

### B. Plaintiff's Subjective Complaints/Nonexertional Impairments

Plaintiff also claims that the ALJ erred in discounting her subjective complaints and in failing to consider her nonexertional impairments. (Doc. No. 8, Pages 8-11). Plaintiff claims that she suffers from the nonexertional impairments of "chronic pain, depression, and lack of manual dexterity" and from nonexertional impairments in "squatting, stopping, bending, standing, or climbing." *Id.* at 9. Plaintiff also claims that her subjective complaints establish that she suffers from these nonexertional impairments, and the ALJ improperly discredited these subjective complaints. *See id.* at 8-11. Defendant argues that there is nothing in the record to suggest that Plaintiff suffers from these nonexertional impairments. (Doc. No. 9, Page 5). Defendant also argues that the ALJ properly considered and discredited Plaintiff's subjective complaints that she does suffer from nonexertional impairments. *See id.* at 6.

As noted above, Plaintiff's claimed nonexertional limitations–chronic pain, depression, lack of manual dexterity, squatting, stopping, bending, standing, or climbing–are not supported by Plaintiff's medical records, and none of Plaintiff's physicians have indicated that she suffers from these nonexertional impairments. (Tr. 92-146, 159-180). Plaintiff, however, claimed while testifying at the administrative hearing that she suffers from many of these nonexertional impairments. (Tr. 201). The ALJ discounted these subjective complaints in his credibility determination and determined Plaintiff does not suffer from these nonexertional impairments. This

---

[5] This Court's review of the ALJ's RFC determination is also necessarily based upon a review of the ALJ's credibility determination, which is more fully discussed in the following section.

Court must review the ALJ's credibility determination and determine whether the ALJ properly discredited Plaintiff's subjective complaints that she suffers from these nonexertional limitations.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429.[6] These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See id.* at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).

In the present action, the ALJ properly applied all five of these factors and properly discounted Plaintiff's subjective complaints. (Tr. 11-18). In his credibility analysis, the ALJ determined that Plaintiff's subjective complaints were not entirely credible based upon the following four findings: (1) Plaintiff is still able to perform a wide variety of daily activities, (2) Plaintiff did

---

[6] As noted above, the ALJ in this case analyzed the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429, which are almost identical to the *Polaski* factors. *See Shultz,* 479 F.3d at 983. This Court will use the references to the *Polaski* factors and the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429 interchangeably.

12

not receive treatment from 2002 to 2004, (3) Plaintiff was apparently fired for nonmedical reasons in 2003, and (4) Plaintiff's medical records do not support her subjective complaints. (Tr. 13). These are four valid reasons that the ALJ used in support of his credibility determination. Since the ALJ's credibility determination is supported by several valid reasons, his decision is entitled to deference and should be affirmed. *See Woodruff,* 2007 WL 913854, at *1.

### C. Combination of Plaintiff's Impairments

Plaintiff also claims the ALJ erred by failing to evaluate Plaintiff's claimed limitations in combination. (Doc. No. 8, Pages 11-14). Specifically, Plaintiff claims that the "ALJ must make specific, articulated findings as to the effects of a combination of impairments when determining whether an individual is disabled." *Id.* at 11. Plaintiff claims the ALJ failed to make these requisite findings in her case. *Id.* In response to Plaintiff's argument, Defendant claims that the ALJ properly considered all of Plaintiff's alleged impairments in combination when he determined that Plaintiff is not disabled. (Doc. No. 9, Pages 7-8). Defendant also argues that the ALJ adequately considered the combined impact of Plaintiff's impairments by noting in his opinion that he had considered Plaintiff's "impairments." *Id.*

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2007). In the present action, in reviewing these claimed impairments, the ALJ stated that "claimant has a severe impairment or *combination of impairments* but retains the residual functional capacity to return to the work she performed in the past" and that "claimant's statements concerning *her impairments* and

their impact on her ability to work are not entirely credible." (Tr. 11, 17, Finding 4) (emphasis added). These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that she suffers from a number of impairments. (Doc. No. 8, Page 4). However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### 4. Conclusion:

Based on the foregoing, the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **28th day of June, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge